# WAGGAMAN v. THE DISTRICT OF COLUMBIA.

CRIMINAL LAW; NUISANCES; LEGISLATIVE INTENT.

The failure of the owner of property to remove the contents of foul
and filthy privies on premises occupied by tenants under a
lease is not made a misdemeanor or penal offense by section
16 of the act of Congress of January 25, 1898 (30 Stat. 231), in
express terms; and such offense can not be implied from the
possible or probable intention of Congress so to make it.

No. 950.   Submitted February 6, 1900.   Decided March 6, 1900.

IN ERROR to the Police Court of the District of Colum-
bia.   *Judgment reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Irving Williamson* for the plaintiff in error.

*Mr. A. B. Duvall,* Attorney for the District of Columbia,
and *Mr. Clarence A. Brandenburg,* Assistant Attorney, for the
defendant in error.

Mr. Justice MORRIS delivered the opinion of the Court:

The appellant, Thomas E. Waggaman, was charged in
the Police Court of the District with the maintenance of a
nuisance, in the way of foul and filthy privies, on certain
premises in the city of Washington, in alleged violation of
section 16 of an act of Congress of January 25, 1898 (30
Stat. 231), entitled "an act to regulate in the District of
Columbia the disposal of certain refuse, and for other pur-
poses." It appeared in evidence that the appellant and
another person, as tenants in common, were the owners of
the premises indicated, which were in the actual occupation
of their tenants by leases from them; that the appellant
had been duly notified to abate the nuisance, and had failed
to do so; that his co-owner was absent from the District, and

had not been served with any notice; and that there were three tenants, each renting for three dollars a month, and the cost of removal of the nuisance would be one dollar a month. The defense was merely the alleged illegality of the enactment under which the prosecution was had; but the appellant was held liable to the general penalty provided by the statute, and from the judgment of conviction, a bill of exceptions having been duly taken, he has appealed to this court.

As already indicated, and as stated in the information filed against the appellant, the sixteenth section of the statute is the part claimed to have been violated by the appellant. But it is necessary to consider the sixth, seventh and fourteenth sections in connection with the sixteenth. The act, so far as is deemed applicable to the present case, is as follows:

"Sec. 6. That no person shall, in said District, deposit in any receptacle for filth in any privy any substance except human fecal matter, urine and liquid house refuse, except for the purpose of disinfecting or deodorizing, and it shall be the duty of the occupant or occupants of any premises on which a privy is located, or, if such premises be unoccupied, of the owner or owners thereof, to keep the same and the contents thereof disinfected and deodorized at all times.

"Sec. 7. That no occupant of any premises in said District wherein is situated any privy, or if such premises be unoccupied, no owner or owners thereof, shall permit the approaches to such privy, the walls, floors, seats or fittings thereof to be in such a state or condition as to be a nuisance or annoyance to any person or persons, for want of proper cleansing thereof, nor allow any receptacle for filth used in connection with any privy to be filled within less than four inches of the top thereof.

"Sec. 14. That any person who shall violate or aid or abet in violating any of the provisions of this act shall be guilty of a misdemeanor, and upon conviction thereof be

punished by a fine of not more than fifty dollars, or by imprisonment in the jail of the District of Columbia for not exceeding fifteen days.

"Sec. 16. That the term privy, as used in this act, shall be held to mean any building or part of a building used, or intended to be used, for the reception of human fecal matter or urine, and which is not connected with the public sewer or some duly authorized system of sewage disposal, so as to immediately remove such material from said building; that the owner or owners of the premises on which any such privy is situated shall be held liable for its erection and maintenance, in conformity to law, and for the removal of the contents thereof, as from time to time may be necessary; and if such owner or owners can not be found in the District of Columbia, a notice of any work required by this act to be done, specifying a reasonable time for the performance thereof, shall be left with the agent of such premises, and if no such agent can be found in said District, such notice shall be mailed to the last known address of such owner or owners; and if the work specified in said notice be not done within the time allowed therein, the Commissioners of the District of Columbia are hereby authorized to cause such work to be done and to assess the cost thereof as a tax against the property benefited, which tax shall be carried on the regular tax roll of the District of Columbia, and shall be collected in the manner provided for the collection of other taxes."

It is very plain to us that sections 6 and 7 of the act have no bearing upon the appellant's case. He is not charged with the violation of either of them; and the record fails to develop a case in which either section would be applicable or pertinent. The prosecution professes to be exclusively under section 16 of the act; and must be supported, if at all, upon some express requirement of that section with which the appellant has failed to comply. There is only one provision in that section which has the semblance of

16 Ct. App.—15

such a requirement; and that is the part of the section wherein it is enacted "that the owner or owners of the premises on which such privy is situated shall be held liable . . . for the removal of the contents thereof, as from time to time may be necessary." The legislative command or prohibition, supposed to have been violated by the appellant, must be found in these words, if at all in the section or in in the act.

But here there is plainly neither command nor prohibition. There is no command to the owner of the premises to abate the nuisance; and there is no prohibition upon him to maintain it. The provision is simply that he "shall be held liable," if he fails to remove it; or rather that he "shall be held liable for the removal of it." These are not the words by which a criminal offense is created. Crimes are not to be created by implication, even though they be only of the grade of misdemeanors; and only by implication could a command or prohibition be found in this provision to require a duty of the appellant for the failure to comply with which he could properly be subjected to proceedings in a court of criminal jurisdiction.

It may be conceded that the intention of the legislature is quite apparent to require a duty from the owners of premises in such cases; and there is no good reason why they should not be held to a rigid accountability for the performance of such duty when it is properly required from them. While the duty is primarily upon the occupants of premises to remove the nuisances which they themselves have created, we fail to see that any constitutional right or any principle of justice would be infringed by a requirement that, in proper cases, the owners of the premises should cause such removal, the hardship claimed to be thereby imposed upon the owners of property, amounting, as it is alleged or supposed, to virtual confiscation in some cases, is not worthy of serious consideration. If confiscation could be assumed to be justifiable in any contingency, it

would be for the use, or rather the abuse of the right of property in the maintenance of nuisances of the character here indicated, to the detriment and danger of a whole community.

But whatever may have been the intention of Congress in the enactment of the provision in question, or however large may be its power to legislate for the protection of the community against such nuisances as it is sought to prevent, it is very clear to us that the intention was not so far carried into effect as to constitute as a criminal offense such inaction or failure to remove a nuisance as is here shown on the part of the appellant. As we have said, criminal offenses can not be created by implication; this is a fundamental principle of our criminal jurisprudence. The command or prohibition must be direct and positive, and not merely to be elicited by inference or indirection from a loose statement which, of itself, imposes no duty upon the individual. Here the requirement is, not that the owner of premises must remove an alleged nuisance, under a prescribed penalty for failure to do so, but that he shall be held liable for such removal. If the statute were to be construed strictly, as it probably should be so far as it is a penal statute, the liability charged, or sought to be charged upon the owner of the premises is for the removal of the nuisance, rather than for the failure to remove it. But the command of the statute so far as there is command or prohibition, is that the party "shall be held liable," not that he shall remove a nuisance; and the violation of the provision would consist, not in his failure to remove the nuisance, but in some failure by some one, by the police court, perhaps, to hold him liable. The absurdity of this conclusion suffices to show how inapt to create a criminal offense the words are which are used in this provision of the statute under consideration.

It is unnecessary to consider the supposed constitutional question of inequality in the operation of the statute as

between residents and non-residents.   We do not think that
that question arises in this case, or that a determination of
it is necessary for a determination of the case.   It is suffi-
cient to say, that, in our opinion, the failure of the owner of
the property to remove the alleged nuisance, under the cir-
cumstances developed in this case, is not made a misde-
meanor or penal offense by the statute in express terms, and
that we can not imply such offense from the possible or
probable intention of Congress so to make it.   If such was,
in fact, the legislative intention, we may well say of it, *voluit
sed non dixit.*   But it is further apparent from the statute
that the liability, whatever it was, which was imposed, or
intended to be imposed, upon the owner of property in this
connection, is inconsistent with the theory that a criminal
liability was intended to be created by this clause of the act.
The clause in full is "that the owner or owners of the prem-
ises upon which any such privy is situated shall be held
liable for its erection and maintenance in conformity to law,
and for the removal of the contents thereof as from time to
time may be necessary;" from which it appears that the lia-
bility of the owner of the property for the removal of the
contents of the privy is placed, so far as this clause is con-
cerned, precisely upon the same basis as his liability for the
construction of the privy according to the requirements.
But the statute was careful not to leave the penal character
of the liability for improper construction dependent upon
this clause alone, or to any extent whatever.   There are
other sections and provisions of the act specifically dealing
with the matter of construction, and specifically providing
what the owner shall or shall not do in that regard, and
providing the penalty for his failure to conform with such
requirements of the law; but there is no provision anywhere
in the act outside of the clause in question prescribing it as
the duty of the owner of the premises, when such premises
are occupied by a tenant, to cause the removal of the con-
tents of the privy.   If, therefore, the failure of the owner of

occupied premises to cause the removal of the contents of privies is by this act made a misdemeanor, punishable by fine and imprisonment, it is only by implication from the words of the clause which has been cited. But, as we have intimated, the creation of criminal offenses, even of the grade of misdemeanors, by implication, would be something of a novelty in the law; and certainly can not be presumed in a statute where the lawmakers are specific enough when they seek to deal with other liabilities imposed upon the owners of property. Had they intended to make the act here charged a misdemeanor on the part of the owner, it would have been easy to say so in plain and explicit language that would have left no room for doubt. Penal statutes should be plain and unambiguous, and not depend upon construction for the determination of their character.

We are of opinion that no penal offense, such as the appellant was charged with, was created by the statute in question. The judgment appealed from must, therefore, be *reversed; and the cause will be remanded to the police court with directions to discharge the defendant and to quash the information against him; and it is so ordered.*